STATE OF NEBRASKA, PLAINTIFF, v. GAGE COUNTY, DEFENDANT.

FILED JANUARY 15, 1917.  No. 18901.

1. **Decision in Former Case.**  The principal questions in this case are determined in the companion case, *State v. Stanton County, ante,* p. 747.

2. **Asylums:** STATUTORY PROVISIONS.  The act of 1885 (Laws 1885, ch. 55) for the construction of an asylum for the insane at Norfolk, and the act of 1887 (Laws 1887, ch. 48) providing for an asylum at Hastings, were both enacted in view of the general act of 1873 (Gen. St. 1873, ch. 31), and it was intended that all hospitals for the insane of the state should be governed by the act of 1873 so far as applicable.

3. **Insane Persons:** LIABILITY OF COUNTIES: STATUTE.  The provisions of the act of 1873 requiring counties to pay for board and care of insane persons domiciled therein governed the three institutions, when constructed so far as applicable.

100 Neb.—48

Action to recover for care of insane persons. Case referred, with report that plaintiff recover, and defendant excepts. *Exceptions overruled; report confirmed, and judgment entered.*

*Willis E. Reed, Attorney General,* and *George W. Ayres,* for plaintiff.

*T. J. Doyle* and *Fred W. Messmore, contra.*

SEDGWICK, J.

This case was submitted with *State v. Stanton County, ante,* p. 747, and in the main involves the same questions. The constitutionality of the statute involved is there upheld, and it is determined that the statute of limitations does not apply, that it was not necessary to present this claim to the county board for adjudication, and that the state is entitled to interest on the money withheld by the county.

A part of the claim in this case was for patients cared for in the state hospital for the insane at Hastings. It is contended that sections 10094, 10095, Ann. St. 1911, have no application to such patients. These sections are a part of the act of 1873 (Gen. St. 1873, ch. 31), entitled "Insane." The title of the act is: "An act for the government of the hospital for the insane; defining the legal relations of insane persons, and providing for their care and protection." It is a comprehensive act including 60 sections. The first section provides: "That the hospital for the insane, located at Lincoln, in the county of Lancaster, shall be known under the name and by the title of the 'Nebraska Hospital for the Insane,' and shall be under the charge of three trustees, two of whom shall constitute a quorum for the transaction of business." In 1885 an act was passed entitled "An act to establish, locate, erect and maintain a hospital for the insane within the state of Nebraska, and appropriate the necessary funds therefor." Laws 1885, ch. 55. In that act (section 3) it was provided that regulations

should be adopted "in regard to what patients or class of patients shall be admitted to and provided for in the respective hospitals, or from what portion of the state patients, or certain classes of patients, may be sent to each or either hospital." It was clearly the intention of the legislature to make this new hospital a part of the general provision for caring for the insane of the state. In 1887 the legislature established an asylum for the incurable insane. Laws 1887, ch. 48. It contained no provisions for the government of the institution, nor regulations for the admission or discharge of patients. All matters except the construction of the building were referred to the former acts. These three, then, constituted the provision of the state for the care of the insane, and they were all governed by the general and comprehensive act of 1873 so far as its provisions were applicable. This contention of the defendant cannot be sustained.

A question is raised as to the condition of the accounts of the state, and the statement thereof by the referee. It appears that, exceptions being made to the first report of the referee, that report was by him set aside and a new computation made with a different result. The accounts are somewhat complicated, and we cannot attempt to state here a complete analysis of them. So far as we have observed as to those matters specified in the brief, the referee has reached a right conclusion.

The exceptions to the report of the referee are overruled, the report is approved, and judgment will be entered accordingly. Interest is to be added from the date of the report.

JUDGMENT ACCORDINGLY.